UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| H. RICHARD AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05cv800 SNL |
| ) | |
| DOWNS, RACHLIN & MARTIN, ) | |
| HAROLD EATON, and GREGORY ) | |
| CLAYTON ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff brought suit against the opposing counsel in a decade old insurance benefits case. He claims that as part of a vast conspiracy, Defendants presented falsified evidence to the court in order to obtain a favorable verdict on behalf of their clients. This is before the Court on Defendants' Motion to Dismiss or Transfer (#11), filed June 27, 2005.

## BACKGROUND

Plaintiff's Vermont home burnt down on November 12, 1993. His insurance companies, Hanover Insurance Company and Massachusetts Bay Insurance Company, found the fire to be the result of arson, and refused to pay benefits under Plaintiff's policy. Plaintiff brought suit against his insurance companies *pro se*, alleging wrongful denial of coverage. Brown and James, local counsel for the insurance companies, moved for a change of venue. The motion was granted on May 11, 1995, and the case was transferred to the United States District Court for the District of Vermont.

After the transferral, Harold Eaton, formerly an attorney for Eaton & Hayes, entered his appearance as counsel for the insurance companies. He was lead attorney from June 9, 1995 until April 11, 1996. At that time, Eaton withdrew from the representation, and Gregory Clayton, an

1

attorney with Downs, Rachlin & Martin, entered an appearance in his stead. The case culminated in a three-day jury trial. Plaintiff challenged the insurance companies' findings of arson, alleging that the mass spectrometer/gas chromatograph tests were performed on samples taken from another location, not from his home. The jury found for the insurance companies, and the court entered judgment accordingly. *Austin v. Hanover Ins. Co.*, Civ. No. 1:95-cv-170 (D. Vt. Aug. 1, 1997). Plaintiff appealed, and the court's decision was affirmed. *Austin v. Hanover Ins. Co.*, 165 F.3d 13 (2d Cir. 1998)(Table), *cert. denied*, 527 U.S. 1004 (1999) ("*Austin I*").

In September of 1999, Plaintiff filed suit in the United States District Court for the District of Vermont. In this suit, Plaintiff charged his insurance companies with fraud, alleging that they fabricated evidence in *Austin I*. The case was dismissed on grounds of *res judicata*. *Austin v. Hanover Ins. Co.*, No. 1:99-cv-252 (D. Vt. Nov. 3, 1999), *aff'd*, No. 99-9375 (2d Cir. May 4, 2000)(Mandate Opinion), *cert. denied*, 531 U.S. 929 (2000). Plaintiff then filed a Motion for Relief of Judgment with the Vermont District Court, which was also denied. On appeal, the Second Circuit affirmed the decision. *Austin v. Hanover Ins. Co.*, 14 Fed. Appx. 109 (2d Cir. July 13, 2001), *cert. denied*, 534 U.S. 954 (2001).

In August of 2003, Plaintiff filed suit in the Vermont District Court against Defendant Downs, Rachlin & Martin, Defendant Harold Eaton, Defendant Gregory Clayton, and three other parties, claiming that they participated in a conspiracy to falsify scientific evidence in *Austin I*. Plaintiff alleged that the defendants engaged in this conspiracy on behalf of the insurance companies, thereby allowing the companies to refuse payment on Plaintiff's claim. The court dismissed the suit on grounds of *res judicata* and collateral estoppel. *Austin v. Downs, Rachlin & Martin,* No. 1:03-cv-204, 2003 WL 23273466 (D. Vt. Nov. 3, 2003), *aff'd*, 114 Fed. Appx. 21 (2d Cir. 2004), *cert. denied*, 125 S. Ct. 1733 (2005).

On May 19, 2005, Plaintiff filed the instant action – a near replica of his previous suits. Defendants filed a Motion to Dismiss or Transfer, claiming that this Court lacks personal jurisdiction

over the Defendants and that Missouri is an improper venue. Responsive pleadings have been filed and the motion is ripe for review.

## DISCUSSION

When personal jurisdiction is challenged, the plaintiff bears the burden to show that jurisdiction exists. *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072-73 (8th Cir. 2004); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003); *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992); *Enterprise Rent-A-Car Co. v. Stowell*, 137 F. Supp. 2d 1151, 1154 (E.D. Mo. 2001). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. *Dever*, 380 F.3d at 1072-73; *Epps*, 327 F.3d at 647; *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000); *Falkirk Mining Co. v. Japan Steel Works*, 906 F.2d 369, 373 (8th Cir. 1990). *See also*, *Conway v. Royalite Plastics*, 12 S.W.3d 314, 318 (Mo. 2000); *Products Plus v. Clean Green*, 112 S.W.3d 120, 122 (Mo. App. 2003); *Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114, 119 (Mo. App. 2002).[1] A plaintiff's *prima facie* showing must be tested "not by pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever*, 380 F.3d at 1072 (citations omitted). *See also*, *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998)(when considering whether personal jurisdiction exists under Missouri longarm statute, court may inquire by affidavits or otherwise into the facts as they exist). Although the court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; the party seeking to establish the court's personal jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. *Epps*, 327 F.3d at 647.

---

[1] In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the forum's state's long-arm statute and the Due Process Clause. *Romak USA v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004) (citing *Dever*, 380 F.3d at 1073). Therefore, Missouri law, as well as federal law applying Missouri law, is relevant to the issue of personal jurisdiction in this case.

There are two prerequisites to a finding of personal jurisdiction over a non-resident defendant: the forum state's long-arm statute must be satisfied, and the exercise of jurisdiction cannot violate the due process clause of the Fourteenth Amendment. *Stanton v. St. Jude Med.*, 340 F.3d 690, 693 (8th Cir. 2003); *St. Jude Med., Inc. v. Lifecare Int'l*, 250 F.3d 587, 591 (8th Cir. 2001); *Clune*, 233 F.3d at 541; *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998); *Burlington Indus.*, 97 F.3d at 1102. Since Missouri courts have found that its long-arm statute extends jurisdiction over non-resident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment, usually a court need only determine whether a plaintiff's assertion of personal jurisdiction has satisfied due process. *See*, *Romak USA*, 384 F.3d at 984; *Porter v. Berall*, 293 F.3d 1073, 1075 (8th Cir. 2002); *Clune*, 233 F.3d at 541; *Enterprise Rent-A-Car*, 137 F. Supp. 2d at 1155.

Due process requires that a plaintiff show that a non-resident defendant have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagon v. Woodson*, 444 U.S. 286, 291-92, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). *See*, *Asahi Metal Indus. Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 109-12, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); *Romak USA*, 384 F.3d at 984; *Dever*, 380 F.3d at 1072; *Stanton*, 340 F.3d. at 693; *Epps*, 327 F.3d at 647-48; *Clune*, 233 F.3d at 541-42; *Guiness Imp. Co. v. Mark VII Distributors*, 153 F.3d 607, 614 (8th Cir. 1998); *Enterprise Rent-A-Car*, 137 F. Supp. at 1155. Minimum contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagon*, 444 U.S. at 297; *Stanton*, 340 F.3d at 694; *Epps*, 327 F.3d at 648. Minimum contacts can cover a plethora of activities; however, "[t]he baseline for minimum contacts is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Clune*, 233 F.3d at 542 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). *See also*, *Romak USA*, 384 F.3d at 984; *Dever*, 380 F.3d at 1073; *Stanton*, 340 F.3d at 693; *Epps*, 327 F.3d at 648-49; *Guiness Imp.*, 153 F.3d at 614.

The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" *Stanton*, 340 F.3d at 693-94 (quoting *Burger King*, 471 U.S. at 475). *See also*, *Epps*, 327 F.3d at 648; and *Guiness Imp.*, 153 F.3d at 614. "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." *Stanton*, 340 F.3d at 694 (quoting *Burger King*, 471 U.S. at 475). That is, in a case involving specific jurisdiction, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. In other words, the cause of action must 'arise out of' or 'relate to' a defendant's activities within a state." *Romak USA*, 384 F.3d at 984 (internal citations omitted).

Based upon the due process standard espoused by *World-Wide Volkswagon, International Shoe*, and their progeny, the Eighth Circuit has established a five-factor test to determine the sufficiency of the non-resident defendant's contacts with the forum state. These five factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *Romak USA*, 384 F.3d at 984; *Dever*, 380 F.3d at 1073-74; Stanton, 340 F.3d at 694. The first three factors are of "primary importance", while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. *Romak USA*, 384 F.3d at 984; *Dever*, 380 F.3d at 1074; *Stanton*, 340 F.3d at 694; *Guiness Imp.*, 153 F.3d at 614.

It is undisputed that the Defendants are foreign defendants and are not subject to the general jurisdiction of this Court.[2] Instead, Plaintiff argues that this Court has specific jurisdiction over

---

[2] Harold Eaton is a resident of Vermont, who entered an appearance on behalf of the insurance companies in *Austin I* after the case was transferred to Vermont. Eaton is not licensed to practice in Missouri, has never practiced law in the state of Missouri, and never traveled to Missouri in connection with *Austin I*. Eaton's sole contact with this State occurred on a roadtrip sometime in the 1970's.

5

Defendants. He alleges that the Defendants used false evidence to obtain a transfer of venue to the District of Vermont, thereby perpetrating a fraud upon the court. Because this "tort" was committed in Missouri, Plaintiff maintains that the Defendants are subject to the jurisdiction of this Court.

It is clear that Clayton and Downs, Rachlin & Martin had no part in *Austin I* while it was before the Eastern District of Missouri. They were not contacted regarding the case until February 14, 1996, nearly one year after it was transferred to Vermont. It is also clear that Eaton does not have sufficient contacts to be subject to this Court's jurisdiction. Eaton may have assisted Brown and James during their representation of the insurance companies, but that does not qualify as "purposeful availment." Considering the nature and the quality of Eaton's contacts with Missouri, the quantity of contacts, and the relation Plaintiff's suit to those contacts, due process does not allow this Court to exercise jurisdiction over this Defendant.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "This section is 'broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.'" *Uncle Sam's Safari Outfitters, Inc. v. Uncle Sam's Army Navy Outfitters-Manhattan, Inc.*, 96 F. Supp. 2d 919, 925 (E.D. Mo. 2000) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)).

---

Gregory Clayton is also a resident of Vermont and is a former attorney at Downs, Rachlin & Martin ("DRM"). DRM is a law firm with offices in Vermont and New Hampshire. Clayton and DRM had no input in the change of venue motion, had no contact with Brown and James, and made no appearances in Missouri courts in connection with *Austin I*. Clayton has not conducted any regular business in the State of Missouri, has never contracted to do business in Missouri, and has no bank accounts or property in Missouri. Clayton traveled to Missouri on only one occasion, to obtain depositions from Plaintiff and his sister in 1996.

6

Although Plaintiff's case clearly has no merit, in the interest of expediency, the Court will transfer this case to the District of Vermont so that it can render a final disposition in this matter. The Plaintiff has wasted ten years of his life pursuing this lawsuit in varying forms. At this point, whether Plaintiff's conspiracy theories have any basis in reality is immaterial. Plaintiff had his day in Court, and he did not prevail. Plaintiff's repeated attempts to re-litigate his claim is a waste of judicial resources. If Plaintiff brings this or a related cause of action before this Court again, he will be subject to sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or Transfer (#11) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Change Venue (#13) and Plaintiff's Motion for Summary Judgment (#25), are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action be transferred to the United States District Court for the District of Vermont.

Dated this 15th day of February, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE